(61 App. Div. 147.)

KAHN v. HOGE.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

EASEMENT—LIGHT AND AIR—EXTENT—DURATION.

The owner of two adjoining lots sold a portion of one lot, and agreed in the contract that he would not build on the remainder of such lot, and to grant the right of light and air arising from such open space to the vendee, and it was provided that the contract was binding on the heirs, executors, administrators, and assigns of the parties. The deed to the portion of the lot sold contained similar provisions. *Held*, that the easement of light and air ran with the land.

Action for specific performance by Henrietta Kahn against John Hoge. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Charles B. Samuels, for plaintiff.
William H. Stockwell, for defendant.

McLAUGHLIN, J. On the 16th day of December, 1900, the plaintiff entered into a contract with the defendant, by which she agreed to sell, and he to buy, for a specific consideration, certain lots known as "Nos. 483, 485 Fifth Avenue," in the city of New York, "together with a valid, unincumbered, and perpetual easement of light and air over the courtyard at the northeasterly corner of said premises, about 12 feet 6 inches wide and 50 feet long; the vendor agreeing that there is an easement appurtenant to the premises, and that the same will be conveyed to the vendee as an appurtenance of the premises hereinabove described." At the time fixed for the completion of the contract by the delivery of the deed and the payment of a portion of the purchase money, and the delivery of a mortgage for the balance, the defendant refused to complete the contract, on the ground that the deed did not grant to the defendant a valid, unincumbered, and perpetual easement of light and air in, to, and over said yard, inasmuch as the grantor did not have, own, or possess such right to grant. Whether the plaintiff had this right depends upon what rights she possessed as involved in and connected with her title to the premises. The determination of this question necessitates an examination of her title. From the submission it appears that on the 25th day of September, 1885, Auguste Pottier was the owner of two parcels of land situate on Fifth avenue in said city, one being known as "Nos. 487, 489, and 491," and the other as "No. 485." The parcel known as "No. 485" adjoined the former on the southerly side, and extended east from the avenue along the former, 100 feet, which was the depth of both parcels. The first parcel had a width on the avenue of 51 feet, and the second of 16 feet 9 inches. When both

parcels were acquired by Pottier, the larger one had standing upon it three four-story dwellings, and the other one dwelling of like height. These dwellings covered all of both parcels, except a few feet at their front, and also a small portion in the rear of the smaller one. Some time prior to the date mentioned, Pottier had caused the buildings upon the larger lot to be altered into a seven-story business building covering the whole of that lot. He had also removed all of the building upon the smaller lot back of 50 feet from the front thereof, leaving the rear 50 feet free of buildings, and this formed a yard, into which many windows opened from the larger building, and which yard was necessary to provide the rear of that building with light and air. On the 25th of October, 1885, Pottier agreed to sell to one Robert Graves the smaller lot, except a part of said yard, 50 feet in length and 13 feet 6 inches in width, which agreement was duly recorded, and contained a provision to the effect that he would grant to Graves "the right to the light and air of the yard in the rear of the premises hereby agreed to be conveyed, and not to build on said yard; * * * and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties." In pursuance of this contract, Pottier and wife, on the 26th of October, 1885, delivered a deed of the lot contracted to be sold, and which, among other things, contained the following covenant: "The parties hereto of the first part * * * hereby covenant that the said party of the second part shall have the right to the light and air of the yard in the rear of the premises hereby conveyed to said party of the second part, which yard forms the rear portion of the premises conveyed to said Auguste Pottier by Isabella Hart by the conveyances hereinbefore recited, and said parties of the first part hereby covenant not to build on said yard." Following this, the parties of the first part granted "all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining, * * * and also all the estate, right, title, and interest, * * * property, possession, claim, and demands whatsoever, as well in law as in equity, as the said parties of the first part have of, in, and to the same and every parcel and part thereto, with the appurtenances." After this came the habendum clause, to the effect that such grant was "unto the said party of the second part, his heirs and assigns, forever." Immediately following the conveyance to Graves, he erected a seven-story building, covering all of the lot purchased from Pottier, and also another lot adjoining it on the south, and in this building numerous windows also opened upon the yard in question, and which, according to the stipulation, is indispensable as a means of light and air, in a large part of the building, and without which the value of that property will be materially diminished. At and immediately prior to the delivery of the deed from Pottier and wife to Graves, a tenant who had leased the building upon the larger lot and the yard in the rear of the smaller one, entered into a contract with Pottier, by which it consented and agreed that Pottier might grant unto Graves, or his assigns, "the right to the light and air of the yard in the rear, * * * and may covenant that he will not build on said yard."

This agreement was recorded in the register's office prior to the deed of Pottier to Graves. By mesne conveyances the plaintiff acquired all of the right, title, and interest, together with the appurtenances, acquired by Graves, and it is this which she contracted to convey to the defendant. The plaintiff contends that the deed which she tendered complies with the contract; that the covenant with reference to the courtyard contained in the Pottier deed to Graves, and which she has since acquired, is a perpetual easement, binding upon the yard for the benefit of her lot, and that that covenant is connected with and runs with the title to her lot; while the defendant contends that the covenant is purely a personal one, is not binding upon, and does not run with, the lot contracted to be purchased. After a careful consideration of the record, we are of the opinion that the plaintiff's contention is right, and that the covenants contained in the deed from Pottier and wife to Graves that he should have the right to the light and air of the yard in the rear of the lot conveyed, and that the parties of the first part would not build upon the yard, were covenants which ran with the land conveyed. They were, in terms, between the parties and their respective heirs and assigns, were connected with the subject of the grant, and entered into the value thereof. Nye v. Hoyle, 120 N. Y. 195, 24 N. E. 1. Although the interest transferred in the yard was less than the entire title, the covenants were in support of what was transferred, and related to the beneficial enjoyment of it, and constitute a material part of its value. Norman v. Wells, 17 Wend. 136; Hart v. Lyon, 90 N. Y. 663; Phœnix Ins. Co. v. Continental Ins. Co., 87 N. Y. 400; Trustees v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615; Bronson v. Coffin, 108 Mass. 175, 11 Am. Rep. 335. Pottier was the owner of both parcels, and he had the right, when he sold to Graves, to subject the land which he retained to any servitude which he saw fit. Trustees v. Lynch, supra. It seems to us that the most casual consideration of the Pottier contract and the deed given in pursuance of it—and especially the act of the parties in building upon their respective lots—clearly indicates that Pottier and Graves intended that the privilege of light and air to the yard, and the covenant not to build on it, should run with and for the benefit of the land sold to Graves. Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993. In the case last cited it was held that a covenant against incumbrances runs with the land, so as to enable a remote grantee to enforce it. We are of the opinion that the deed tendered to the defendant complied with the contract and transferred to him a valid, unincumbered and perpetual easement of light and air in the courtyard referred to in the stipulation, and that such easement is appurtenant to said premises; and, if we are right in this conclusion, then it necessarily follows that the plaintiff is entitled to judgment directing a specific performance of such contract, with costs. All concur.