PATTERSON, P. J., INGRAHAM, CLARKE and HOUGHTON, JJ., concurred.

Judgment and order affirmed, with costs.

---

JOHN DAVIS and CHARLES D. LEVIN, Respondents, v. JOHN McCARTHY, Appellant.

First Department, April 8, 1909.

Real property — deed — easement of light and air — when easement runs with land.

Where the owner of two adjoining lots inserted in a conveyance of one of them a clause restricting any building that might be put upon the other to a depth of sixty-five feet and embodied a like restriction in a deed of the other lot, the easement created in favor of the first lot is in effect a grant and passes with the " appurtenances," and the covenant being intended to be beneficial to the first lot runs with the land and passes as an incident of the fee to subsequent grantees who may enjoin the threatened erection of a building in violation thereof.

The fact that mutual easements were not created is immaterial.

APPEAL by the defendant, John McCarthy, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 31st day of October, 1908, upon the decision of the court rendered after a trial at the New York Special Term.

*Louis Marshall*, for the appellant.

*Arnold Charles Weil*, for the respondents.

Judgment affirmed, with costs, on the opinion of GREENBAUM, J.

Present — PATTERSON, P. J., CLARKE, HOUGHTON and SCOTT, JJ.

The following is the opinion delivered at Special Term:

GREENBAUM, J.:

On May 1, 1858, one John J. Crane, who then was the owner of the premises known as No. 21 West Nineteenth street and No. 18 West Twentieth street, which taken together formed one parcel of land running from street to street, twenty-five feet in width on each street and one hundred and eighty-four feet in depth, conveyed the Twentieth street lot and a building thereon erected, being twenty-five feet wide and ninety-two feet in depth to the middle of the block, to one Isaac Sherman by deed containing the following restriction : " Which said last-mentioned lot (referring to the Nineteenth street lot), now owned by the said John J. Crane, shall be restricted when sold or built upon by him as follows, namely, that any building erected on said last-mentioned lot shall not exceed the depth of sixty-five feet, commencing from the line of Nineteenth street, leaving the balance of said lot twenty-seven feet in depth as an open yard in the rear of said lot." Through various mesne conveyances the title to No. 18 West Twentieth street became vested in the plaintiffs and the title to No. 21 West Nineteenth street in the defendant. The plaintiffs having also acquired the title to the premises known as Nos. 20 and 22 West Twentieth street and to No. 23 West Nineteenth street, which is directly in the rear of No. 20 West Twentieth street, erected an eleven-story fireproof store and loft building which covered seventy-five feet on Twentieth street to a depth of about eighty feet, excepting that the ground floor was extended to a further depth of eight feet with a skylight, and also excepting that the middle twenty-five feet of the building extended through to Nineteenth street. The upper stories in the rear of the part of plaintiffs' building directly overlooking defendant's premises has three windows on each of the stories above the ground floor, leaving a space of twelve feet on plaintiffs' premises, which, with the additional twenty-seven feet in the rear of defendant's premises, would furnish a total air and light space of thirty-nine feet. The defendant has threatened to erect upon his Nineteenth street lot an eleven-story building to the depth of eighty-five feet, so that instead

of the open space of twenty-seven feet in the rear of his lot to which plaintiffs claim an easement of light and air there would be but seven feet. To perpetually restrain the defendant from consummating his threatened erection the plaintiffs bring this suit. Defendant contends that his land is not restricted to a building sixty five feet in depth, and that even if such a restriction had in fact been originally imposed, the change since 1858 in the character of buildings in the block would defeat the right to equitable relief. It is also argued in behalf of the defendant that the covenant of Crane to Sherman to restrict was purely personal in nature, and that Sherman's grantees had no enforcible claim or right thereunder. An examination of the respective chains of title to the plaintiffs and defendant to their holdings reveals that on August 1, 1858, Crane conveyed his Nineteenth street property to one Wickham Hoffman by deed, which in its habendum clause contained the following restriction: "Subject also to the restriction that any building erected or to be erected on the lot hereby conveyed shall not exceed the depth of sixty-five feet, commencing from the line of Nineteenth street, leaving the balance of said lot twenty-seven feet in depth as an open yard; and the said Wickham Hoffman hereby accepts this conveyance subject as aforesaid, and hereby covenants and agrees with the said John J. Crane, his heirs and assigns, at all times faithfully to keep and observe the covenant and restriction aforesaid." Defendant's title is deducible through a series of deeds, some of which refer to the restriction and some of which omit any reference thereto. On July 30, 1906, the then owner of the lot, one Sarah Maria May, conveyed it to one Randolph Guggenheimer by deed subject to the restriction in question, and said Guggenheimer conveyed it to defendant on May 1, 1907, also subject to said restriction. The defendant thus took title with actual notice of the existence of the restriction. The several deeds which constitute the chain of title to plaintiffs make no specific mention of the restriction of the Nineteenth street lot, and no restrictive agreement or covenant as to the depth of building on the Twentieth street lot appears ever to have been made. It thus appears that there was no mutuality of restrictive covenants as to depth of building in favor of each lot as against the other, but that the Nineteenth street lot alone, upon the severance of title in the

common owner of the Nineteenth street and Twentieth street lots, became a servient estate with an easement in favor of the Twentieth street lot. There evidently was no mutuality because none was intended, and it may be assumed that the Twentieth street lot became the dominant estate, because the purchaser apparently paid a sufficient valuable consideration to the grantor to acquire the easement in the Nineteenth street lot. The easement created in favor of plaintiffs' lot it seems to me was in effect a grant and passes with the "appurtenances." ( *Valentine* v. *Schreiber*, 3 App. Div. 235; *Hills* v. *Miller*, 3 Paige, 254.) The covenant was expressly intended as a beneficial one to plaintiffs' land, and it may, therefore, be regarded as one running with the land and passing to subsequent grantees as an incident to the fee. (*Norman* v. *Wells*, 17 Wend. 136; *Nye* v. *Hoyle*, 120 N. Y. 195; *Van Rensselaer* v. *Read*, 26 id. 558.) It seems to me that the questions involved in this suit require no extended consideration here, as they are sufficiently considered in the following cases: *Lattimer* v. *Livermore* (72 N. Y. 174); *Phœnix Ins. Co.* v. *Continental Ins. Co.* (87 id. 400); *Hodge* v. *Sloan* (107 id. 250); *Kahn* v. *Hoge* (61 App. Div. 147) and *Holt* v. *Fleischman* (75 id. 593). I am not impressed with the force of the arguments of the learned counsel for the defendant that "a search of the records relating to the Nineteenth street lot would not have disclosed any covenant or restriction in favor of the Twentieth street lot," and that there is nothing to indicate the existence of any general plan of restriction of the several lots of land on the block. An examination of the title to the Nineteenth street lot would have revealed the restriction in the deed by Crane to Sherman, as well as in several subsequent deeds in the chain. As to the point that no general scheme of restriction existed, as has been observed none was intended, it being expressly designed to restrict the Nineteenth in favor of the Twentieth street lot. This distinction differentiates this case from the facts appearing in some of the cases relied upon by defendant's counsel. Other cases cited in behalf of the defendant were those in which the covenant was purely personal, and, therefore, did not pass to subsequent grantees. That the restriction in the deed of Crane to Sherman was not intended to be personal is emphasized by the fact that it was expressly to be restricted " when *sold* or *built* upon by him (Crane)," and that as matter of fact

within a few months after the delivery of the Sherman deed Crane conveyed to Hoffman with the restrictive covenant as he had agreed to do. Upon the undisputed facts there seems to be no alternative but to grant the injunctive relief prayed for. Decreed accordingly, with costs and extra allowance of $350 to plaintiffs.