(81 Misc. Rep. 519.)

### WHISTLER et al. v. COLE.

.(Supreme Court, Trial Term,· Saratoga County.  July, 1913.)

1. VENDOR AND PURCHASER (§ 231*)—NOTICE—RECORDS—COVENANTS IN DEED.

A grantee of a lot was chargeable with notice of a building restriction, which was contained in the grantor's deed of an adjoining lot to another and covered both lots, where an examination of the records would have disclosed such covenant, and reasonable prudence required such examination to be made.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. § 231.*]

2. VENDOR AND PURCHASER (§ 230*)—CONSTRUCTIVE NOTICE—DEEDS.

A purchaser of land is chargeable with notice by implication of every fact affecting the title and discoverable by an examination of the deeds

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or other muniments of title of his vendor, and of every fact as to which the purchaser, with reasonable prudence or diligence, ought to become acquainted.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

3. INJUNCTION (§ 62*)—GROUNDS—RESTRICTIVE COVENANTS.

The purchaser of a lot from a vendor, who, in a prior conveyance of an adjoining lot, has covenanted that both lots shall be subject to a certain reasonable building restriction, may be enjoined from violating such covenant, where he was chargeable with notice of same at the time of his purchase.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. § 62.*]

Action for an injunction by Benjamin A. Whistler and another against Henry G. Cole. Judgment for plaintiffs.

William T. Moore, of Mechanicville, for plaintiffs.
Oscar Warner, of Mechanicville, for defendant.

VAN KIRK, J. In and prior to April, 1911, Elizabeth P. Ladow owned two adjoining lots on Main street in the village of Mechanicville, N. Y. Under date of April 28, 1911, she conveyed to plaintiffs one of said lots by a deed which contained this covenant: ·

"The party of the first part, for herself, her heirs and assigns, covenants and agrees to and with the parties of the second part, their heirs and assigns, that there shall not hereafter be built or erected on the lot of land now owned by the party of the first part, lying northerly of the premises hereby conveyed and extending therefrom to Underwood street, any building the front or westerly wall of which shall extend nearer to said Main street than the line of the front or westerly wall of the dwelling house now located on the premises hereby conveyed."

Under date of September 30, 1911, she conveyed to the defendant, Henry G. Cole, the other lot by a deed in which there was no covenant or restriction and no reference to the covenant made in the deed of April 28th. These two lots are in a residence district in Mechanicville, where the neighboring houses are well back from the street, and the restriction contracted for in the covenant is a reasonable restriction. It was the evident intent of the parties to the deed of April 28th that no building should be erected upon the adjoining lot belonging then to the plaintiffs' grantor nearer the street than the dwelling on the lot conveyed, and the plaintiffs paid full value for the premises under such understanding and agreement.

[1] At the time this action was begun the defendant had constructed a wall for a building upon his said lot and was about to erect a building thereon. Said wall was considerably nearer Main street than the front wall of the dwelling house upon plaintiffs' premises, and this action was thereupon begun. The covenant in the deed of April 28th is valid as between the parties thereto. It is also binding as against the defendant, the purchaser of the second lot, if he had notice of the said covenant. Cambridge Valley Bank v. Delano, 48 N. Y. 326; Hodge v. Sloan, 107 N. Y. 244, 17 N. E. 335; 1 Am. St. Rep. 816. It is not claimed that the defendant had actual notice, but

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the record disclosed the covenant, and that a proper search would have revealed it to him. It is true that the covenant does not appear directly in the chain of title of the defendant's lot. Elizabeth P. Ladow had procured the two lots from different parties, so that a search of the chain of title of the defendant's lot alone would not have disclosed the covenant; but it appears by the deed to defendant that Elizabeth P. Ladow had owned the lot there conveyed since December 28, 1905, and that her deed thereto was recorded in the clerk's office of Saratoga county September 10, 1907.

[2] In Cambridge Valley Bank v. Delano, supra, 48 N. Y. on page 336, the court said:

"The principle of equity is well established that a purchaser of land is chargeable with notice, by implication, of every fact affecting the title, which would be discovered by an examination of the deeds or other muniments of title of his vendor, and of every fact as to which the purchaser, with reasonable prudence or diligence, ought to become acquainted."

Reasonable prudence would require of the defendant, when about to purchase this lot, to examine the conveyances made by his grantor, Elizabeth P. Ladow, during the time she owned the lot which she was about to convey to him, to determine whether or not there had been· any conveyances by her of the lot, or any part thereof, she was about to convey to him. An examination of the record would have disclosed that, in April of the same year, his vendor had conveyed to these plaintiffs the adjoining lot, and in the conveyance of said adjoining lot is the covenant in question.

[3] I conclude, therefore, that the defendant was chargeable with notice of this covenant and is bound by its terms; that the covenant was intended as a restriction upon the adjoining lot for the benefit of this property and for enhancing its value; and that, from a violation of this covenant, the defendant may be enjoined. Post v. Weil, 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. Rep. 809; Davis v. McCarthy, 131 App. Div. 755, 116 N. Y. Supp. 149.

Plaintiffs are entitled to judgment restraining defendant from violating said covenant, with costs.

Judgment for plaintiffs.