EMMITT LEE, Plaintiff, *v.* PRUYN LUMBER AND SUPPLY COMPANY, INC., F. JENNIE BONTICOU, Intervenor, Defendants.

(Supreme Court, Saratoga Special Term, February, 1918.)

Actions — deeds — fee damages — evidence — injunctions — easements — pleading.

> The owner of a plot of land which she had laid out with streets and building lots and filed the map thereof in the proper county clerk's office after making a deed of conveyance to plaintiff of one of the lots, bounding it on one side by a street indicated on said map but never accepted as a public street or worked by any one, conveyed said street and all the lots abutting thereon without any reservation in favor of

.plaintiff or his lot.  By an agreement made by plaintiff, before he had begun the present action to restrain interference with his easements of light, air and access, for a sale of his lot to the grantee of the remainder of the original plot, which agreement was not signed or delivered until after the commencement of said action, he lost the right to an injunction and to the fee or permanent damages.  The original owner of the whole plot upon being permitted to intervene refused to consent that in case plaintiff was entitled to recover the court might fix the fee damages, as had been agreed between plaintiff and defendant, and asked for a jury trial, claiming that it was purely an action at law.  Her request was denied, the agreement as to the sale of plaintiff's lot not then being in evidence.  *Held,* that no evidence being offered as to fee damage the court could not retain the action in equity merely to fix nominal damages; that the complaint should be dismissed and plaintiff left to his remedy at law, if any.

ACTION for an injunction.

Moore & McGinity, for plaintiff.

Robert Frazier, for defendant company.

Robert W. Fisher for intervenor.

VAN KIRK, J.  The action is for an injunction restraining interference with and destruction of plaintiff's easements, with damages.  In 1892, the intervenor filed in the Saratoga county clerk's office a map of certain premises in the village (now city) of Mechanicville, belonging to her, showing said premises laid out with streets and building lots.  George street, shown on this map, is fifty feet wide and runs from Railroad street to Round Lake avenue.  It was never accepted by the city and was never worked by any one, but in 1906 was open ground, still the property of the intervenor.  On October 17, 1906, the intervenor conveyed by warranty deed to plaintiff lot No. 1, shown on the map, bounding it on its west side by the east side of George street; a copy of the map was attached to and

made a part of the deed. On September 24, 1914, the intervenor by warranty deed conveyed to Howard Pruyn George street and all of the lots abutting thereon, except lot No. 1, without any reservation in favor of the plaintiff or of lot No. 1. On January 4, 1915, Howard Pruyn conveyed the same premises to the defendant company. On October 13, 1917, the plaintiff and Howard Pruyn entered into a written agreement for the sale by plaintiff to Howard Pruyn of lot No. 1 for $6,000, " excepting and reserving however, any and all right of action arising or growing out of the facts alleged in the complaint in the action hereinbefore mentioned brought by said Emmitt Lee against said Pruyn Lumber and Supply Company, Inc. (being the action at issue), and excepting the buildings located on said premises; * * * Nothing in this agreement contained shall in any way affect the rights of said Emmitt Lee to carry on and prosecute to final judgment the aforementioned action commenced by him against the Pruyn Lumber and Supply Company, Inc." The agreement further provides that, after judgment is entered in said action, if action shall be brought by said defendant against F. Jennie Bonticou to recover the amount of the judgment that may be obtained in said action brought by Lee, Lee will, upon the request of this defendant, furnish an attorney to prosecute the action and will bear all expense of the prosecution, and any judgment recovered by this defendant in said action may be assigned to Emmitt Lee and, upon delivery of such assignment, Lee will execute and deliver to this defendant a full satisfaction of any judgment that may be recovered by Lee against this defendant in said action and in no event shall this defendant be compelled by Lee to pay any sum upon the judgment obtained against it in excess of the amount that shall be actually obtained from F.

Jennie Bonticou or her representatives as a result of the action to be brought against her; and Lee agrees to refund to this defendant any sum that may be paid to Lee in satisfaction of the judgment that may be recovered against it in said action; "The intent of this agreement being that in no event shall the Pruyn Lumber and Supply Company, Inc., be put to any expense or suffer any loss or damages by reason of the said action which has been commenced against it by said Emmitt Lee, provided it shall commence an action against said F. Jennie Bonticou as aforesaid, and this agreement being intended to procure a judicial determination of the amount of damages occasioned by any interference by the Pruyn Lumber and Supply Company, Inc., with the rights or assessments of the said Emmitt Lee. In case a compromise and settlement shall at any time be made by said F. Jennie Bonticou, the sum recovered from her shall belong to said Emmitt Lee and the action hereinbefore mentioned shall thereupon be discontinued." Thereafter Howard Pruyn assigned, with the knowledge and consent of the plaintiff, all of his interest in said contract of October thirteenth to this defendant company.

This action was begun on October 13, 1917. The terms of the aforesaid written agreement were settled and it was drafted before the action was begun, but was signed and delivered after the action was begun. Notice was given by the defendant to Mrs. Bonticou to come in and defend. Upon stipulation of the parties, by order of the court, dated November 25, 1917, Mrs. Bonticou was permitted to intervene. She filed an answer, verified December 6, 1917, and by permission of the court filed a supplemental answer February 5, 1917, in which she sets forth the said written agreement. At the trial the intervenor refused to consent that, in case the plaintiff is entitled to recover, the

court may fix the fee damages.   The plaintiff and defendant made such agreement.

The conveyance to plaintiff secured to him easements of light, air and access in and over George street. Though not a public street, the plaintiff acquired the right to have George street at all times kept open and unobstructed for the benefit of his property. *Haight* v. *Littlefield,* 147 N. Y. 338; *Welsh* v. *Taylor,* 134 Fed. Repr. 450.

The defendant is chargeable with notice of the provisions in the Lee deed and of Lee's easements in George street.   *Whistler* v. *Cole,* 81 Misc. Rep. 519; affd., 162 App. Div. 920.

But plaintiff, by his agreement of October 13, 1917, lost the right to an injunction and to fee or permanent damages.   Easements of light, air and access appurtenant to real property abutting upon a street or an open space are inseparable from the dominant estate; and, upon a conveyance of that estate, such easements pass to the grantee, notwithstanding the grantor attempted a reservation of the same, or of any rights of action for a trespass.   *McKenna* v. *Brooklyn Union E. R. R. Co.,* 184 N. Y. 391.   Those assessments are incapable of a distinct and separate ownership, and can be possessed and enforced by the owner of the property only.   *Pappenheim* v. *Metropolitan E. R. Co.,* 128 N. Y. 436; *Pegram* v. *New York E. R. R. Co.,* 147 id. 146.   Before the trespasser is required to pay damages, it is entitled to a release from the grantee, the owner, who alone can give such release; in this case a release from itself.   *McKenna Case,* 184 N. Y. 396.   Its easements are merged in its higher right, its fee. The easements are extinguished. 14 Cyc. 1188.   The right of action to restrain trespass thereon and for damages is extinguished with them. The fact that a contract to convey was executed rather

than a deed does not affect the rights of the parties. In a contract to convey real estate the vendee becomes the equitable owner of the property, the vendor continuing to hold the legal title merely· as security for the payment of the purchase money. *Matter of Edgewater Road,* 138 App. Div. 203.

The right to recover for past or temporary damages is not lost by the sale of the property with the aforesaid reservation (*Pappenheim Case, supra*), but no evidence was offered on which the court can fix such damages. The court, in view of the facts in this case, will not retain an action in equity merely to fix nominal damages. The intervenor is the real defendant, and this because of her warranty. A stipulation between plaintiff and defendant cannot control her. After the agreement of October thirteenth the defendant company was entirely released by this plaintiff from any liability, the only condition attached to this release being that, in case judgment is recovered against it in this action, it will begin an action against Mrs. Bonticou, but without any cost or liability resting upon it. It has no real interest in this action. As soon as the intervenor was permitted to file her supplemental answer, she asked for a jury trial, claiming this was purely a law action. At that time the agreement of October 13, 1917, was not in evidence, and the request was denied. But, it now appearing that no relief in equity can be had in the action, and that the said agreement was in fact made before the action was begun, the plaintiff should be left to his remedy at law, where he has an adequate remedy in an action for damages, if any can be established. *Penrhyn Slate Co.* v. *Granville E. L. & P. Co.,* 181 N. Y. 80; *Jackson* v. *Strong,* 222 id. 149, 153, 154. The complaint should be dismissed.

Ordered accordingly.